

ENTERED ON DOCKET
FEB 24 2015
BY _____

AO 245B (NCMD Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

FILED
FEB 24 2015
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By ___

# United States District Court
## Middle District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| ELIZABETH ANN WOLFORD | Case Number: 1:13CR487-6 |
| | USM Number: 26773-171 |
| | Helen L. Parsonage |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count 1s of the Superseding Indictment filed April 28, 2014.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1349 | Conspiracy to Commit Bank Fraud | 04/28/2014 | 1s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 2 through 8 of the original indictment filed December 17, 2013 and Counts 2s through 8s of the superseding indictment filed April 28, 2014 are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 16, 2015
Date of Imposition of Judgment

_____
Signature of Judge

N. Carlton Tilley, Jr., Senior United States District Judge
Name & Title of Judge

2/9/2015
Date

DEFENDANT: ELIZABETH ANN WOLFORD
CASE NUMBER: 1:13CR487-6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **33 months.**

**[33 months to run concurrently with sentence presently serving in South Carolina]**

☒ The court makes the following recommendations to the Bureau of Prisons: upon entry into the Bureau of Prisons defendant shall be evaluated to determine if mental health treatment would be helpful to her. The defendant shall be housed in a Bureau of Prisons facility as close as possible to Ohio. The defendant be allowed to participate in any intensive substance abuse treatment provided by the Bureau of Prisons. Further, the defendant be allowed to participate in any educational and vocational programs provided by the Bureau of Prisons based upon her qualifications and interests, specifically educational courses to help her obtain General Educational Development and any college courses.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

  ☐ at _____ am/pm on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 pm on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ELIZABETH ANN WOLFORD
CASE NUMBER: 1:13CR487-6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ELIZABETH ANN WOLFORD
CASE NUMBER: 1:13CR487-6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall cooperatively participate in a mental health, diagnostic, counseling treatment program, which may include inpatient treatment, and pay for treatment services, as directed by the probation officer.

The defendant shall submit his person, residence, office, vehicle, or any property under her control to a warrantless search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

DEFENDANT: ELIZABETH ANN WOLFORD
CASE NUMBER: 1:13CR487-6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 166,241.93 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Sun Trust Bank | 48,452.00 | 48,452.00 | |
| First Federal | None reported | None reported | |
| Bank of America | 32,095.00 | 32,095.00 | |
| Wells Fargo | 15,950.00 | 15,950.00 | |
| First Citizen Bank | 21,800.00 | 21,800.00 | |
| BB&T | 4,225.00 | 4,225.00 | |
| Pinnacle Bank | 1,875.00 | 1,875.00 | |
| Renasant Bank | 3,500.00 | 3,500.00 | |
| State Employees Credit Union | 4,896.00 | 4,896.00 | |
| Allegance Federal Credit | 2,725.00 | 2,725.00 | |
| Union M&T Bank | 2,935.00 | 2,935.00 | |
| OBX Bank | 1,700.00 | 1,700.00 | |
| A. Acosta | 625.00 | 625.00 | |
| D. Barozzino | 1,060.00 | 1,060.00 | |
| J. Brandel | 3,200.00 | 3,200.00 | |
| S. Bowman | 350.00 | 350.00 | |
| J. Bryant | 1,200.00 | 1,200.00 | |
| D. Burke | 50.00 | 50.00 | |
| A. Clark | 150.00 | 150.00 | |
| J. Cecil | 300.00 | 300.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ELIZABETH ANN WOLFORD
CASE NUMBER: 1:13CR487-6

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| M. Cecil | 275.00 | 275.00 | |
| M. Cooper | 300.00 | 300.00 | |
| J. Crain | 5,000.00 | 5,000.00 | |
| S. DellaCroce | 950.00 | 950.00 | |
| E. Harger | 300.00 | 300.00 | |
| R. Harger | 380.00 | 380.00 | |
| M. Harris | 300.00 | 300.00 | |
| B. Hooks | 300.00 | 300.00 | |
| L. Burton | 1,200.00 | 1,200.00 | |
| E. Keller | 881.00 | 881.00 | |
| J. Larson | 1,290.00 | 1,290.00 | |
| N. Lewis | 2,086.00 | 2,086.00 | |
| M. Guerrero | 3,400.00 | 3,400.00 | |
| E. Marohn | 400.00 | 400.00 | |
| D. Marshall | 350.00 | 350.00 | |
| M. Massey | 360.00 | 360.00 | |
| A. Massey | 300.00 | 300.00 | |
| C. Peterson | 780.00 | 780.00 | |
| B. Nance | 770.00 | 770.00 | |
| W. Riley | 1,390.00 | 1,390.00 | |
| D. Smith | 264.93 | 264.93 | |
| C. Stanton | 817.00 | 817.00 | |
| H. Stevenson | 540.00 | 540.00 | |
| C. Thomas | 200.00 | 200.00 | |
| E. Wingate | 560.00 | 560.00 | |
| C. Moore | 460.00 | 460.00 | |

**TOTALS**        $166,241.93        $166,241.93

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ELIZABETH ANN WOLFORD
CASE NUMBER: 1:13CR487-6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $100.00 due immediately,

☐ not later than _____ , or

☒ in accordance with ☐ C, ☒ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒ Payment in equal monthly installments of $50.00, to commence 60 days after release from imprisonment to a term of supervision with the understanding that if the defendant is making a good faith effort and is having difficulty with the monthly payment, the defendant shall bring that to the court's attention. If the government determine that the defendant can pay more than $50.00 per month and that should be brought to the court's attention.

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**The special assessment in the amount of $100.00 is due and payable immediately at such times and in such amounts as directed by the Federal Bureau of Prisons through the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| | |
|---|---|
| Jermaine Lamont Jenkins | 1:13CR487-1 |
| Cedric Dewin Jenkins | 1:13CR487-2 |
| Dorick Tavares Hunt | 1:13CR487-3 |
| Kevin Keys | 1:13CR487-4 |
| Vickie Lynn Brantley | 1:13CR487-5 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.